IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FRED RAHDAR AND KOBRA GHORBANI, Individually, <br>     Plaintiffs <br><br> v. <br><br> CITY OF FRIENDSWOOD, a municipality, MILLING, B., DEMENT, J., KULHANEK, M.A., CARTER, S.D., MATA, R.I., EATON, M.R., LOBO, J.A., MUIR, S.A., KRAMER, T.I., WEIGLE, Z.J., REJACK, K.J., MANSFIELD, B.D., BENDER, N., HOLMES, B., SIMMONS, S.T., O'BARR, B.A., PRICE, J.E., YODZIS, B.C. CABALLERO, A.R., WILKERSON, D.W., RUTHSTROM, J.R., CORDERO, M., ROGERS, C.J., and BOB WIENERS, in their individual and official capacities, <br>     Defendants | CAUSE No.: _____ <br> **JURY TRIAL REQUESTED** |

---

## ORIGINAL COMPLAINT

### INTRODUCTION

This is a civil rights action for damages arising from the curtailment of rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution for the United States of FRED RAHDAR AND KOBRA GHORBANI ("Plaintiffs"), by Defendants CITY OF FRIENDSWOOD ("City"), BOB WIENERS ("Wieners") and M.A. KULHANEK ("Kulhanek"), MILLING, B. ("Milling"), DEMENT, J. (Dement"), CARTER, S.D. ("Carter"), MATA, R.I. ("Mata"), EATON, M.R. ("Eaton"), LOBO, J.A. ("Lobo"), MUIR, S.A. ("Muir"), KRAMER, T.I. ("Kramer"), WEIGLE, Z.J. ("Weigle"), REJACK, K.J. (Rejack"), MANSFIELD, B.D. ("Mansfield"), BENDER, N. ("Bender"), HOLMES, B. ("Holmes"), SIMMONS, S.T. ("Simmons"), O'BARR, B.A. ("O'Barr"), PRICE, J.E. ("Price"), YODZIS, B.C. ("Yodzis"), CABALLERO, A.R.

1

("Caballero"), WILKERSON, D.W., (Wilkerson"), RUTHSTROM, J.R. ("Ruthstrom"), CORDERO, M. ("Cordero"),and ROGERS, C.J. (Rogers"), hereafter collectively referred to as "Defendants." The Plaintiffs bring this suit pursuant to 42 U.S.C. Section 1983.

Defendants are all state actors who have violated the Plaintiffs' First, Fourth, Eighth, and Fourteenth Amendment rights by falsely arresting the Plaintiffs on multiple occasions, maliciously prosecuting them, and by committing police brutality on Plaintiff, Fred Rahdar.

Plaintiffs are the owners and operators of a restaurant and bar named "Friends Pub" in Friendswood, Texas.

## I.    FACTS

During the month of July, 2020, shortly after Texas Governor Gregg Abbott issued his Executive Order, GA-28 which closed bars for the second time during the Covid-19 pandemic, the Defendants commenced a concerted campaign of official harassment of Plaintiffs and their establishment because Plaintiffs decided to keep their establishment open. Plaintiffs' establishment was classified as a restaurant by the Texas Alcoholic Beverage Commission and so was not subject to the closure order, but that fact did not discourage the Defendants from executing their illegal harassment campaign.

As part of their planned campaign of police harassment, the Defendants began to excessively frequent the parking lot of the Plaintiffs' restaurant in a concerted effort to charge the Plaintiffs with alleged crimes in retaliation for legally and openly expressing their right to conduct their legally and responsibly operated business.

On August 3, Defendant, Friendswood Police Officers Milling, B., and Dement, J., arrested the Plaintiffs for allegedly refusing a "bar check" inspection pursuant to Texas Alcoholic Beverages Code, Sec. 101.04. At that time the Defendants had already performed three bar checks per day for each of the four previous days, all in a concerted efforts to annoy,

2

harass, and intimidate the Plaintiffs. When Plaintiffs objected to the police officers' continued presence at the restaurant, Defendants Milling and Dement arrested Plaintiff, Kobra Ghorbani, allegedly for "refusing a bar check." When Mr. Rahdar saw police taking his wife away in handcuffs, he objected and told the officers that if they take her, they have to arrest him too. Defendants Dement and Millings immediately handcuffed Mr. Rahdar as well. While handcuffing Mr. Rahdar, Defendants Milling and Dement applied such excessive force that Plaintiff's shoulder was injured in the process. Mr. Rahdar asked the arresting officer what crime he was charged with. The arresting officer stated that Plaintiff was being arrested for "running your big mouth."

In a news report by Friendswood Journal/Friendswood News, published on August 13, 2020, Defendant Bob Wieners, then the Chief of Police for the city, was quoted as claiming that Friends Pub, the Plaintiffs' establishment, was linked to "about a third of the department's DWI arrests made in July." Records produced by the City of Friendswood to date pursuant to the Plaintiffs' public information request do not bear this out.

On September 7, 2020, the Defendants orchestrated a second arrest relating back to the first arrest of August 3, 2020. During that second arrest, two officers came out to the Plaintiffs' establishment and arrested Plaintiff, Fred Rahdar for allegedly "resisting arrest" on August 3, 2020, even though Plaintiff Rahdar had asked the officers to arrest him as well when he witnessed his wife being arrested.

On January 1, 2021, shortly after midnight, Defendants, Mata, R.L. Eaton, M.R., Dement, J., Lobo, J.A., Muir, S.A., Kramer, T.L., Weigle, Z.J., Rejack, K.J., Mansfield, B.D., Bender, N., Holmes, B., and Simmons, S.T., all police officers of Defendant, City of Friendswood, again descended upon the Plaintiffs' establishment, waiting on or near the establishment's parking lot in order to harass and oppress the Plaintiffs. They proceeded to

arrest them when they observed customers of the establishment who were lighting fireworks in the parking lot. Instead of arresting the customers who actually perpetrated the illegal lighting of fireworks within city limits, the above-named Defendants immediately arrested the Plaintiffs who were actually inside their establishment and did not participate in any illegal activity. The public version of the police report shows that the arrest was made only four minutes after midnight of that New Year's Eve, indicating that the above-named defendants were lying in wait, hoping for an infraction to occur, instead of properly responding to and did not respond to a witness' emergency phone call reporting the matter.

On February 5, 2021, Defendants, Kulhanek, M.A., O'Barr, B.A., Price, J.E., Yodzis, B.C., Caballero, A.R., Wilkerson, D.W., Ruthstrom, J.R., Cordero, M., and Rogers, C.J. arrested Plaintiff, Fred Rahdar, once more, allegedly for "obstructing a highway or other passageway". On that occasion, Plaintiff Rahdar observed an undercover officer sitting in his car in the parking lot of the establishment, watching the Plaintiffs and their customers. Plaintiff Rahdar pulled out his cell phone to videotape the officer in his vehicle. In doing so, Plaintiff walked past the front of the parked vehicle. The officer inside the vehicle then called for "backup" and had his comrades arrest Plaintiff Rahdar for "obstructing a highway or other passageway" while the officer was parked in a private parking lot, not on a public thoroughfare.

##  II.     PARTIES

Plaintiff, Fred Rahdar, is a citizen of Texas and resides in Galveston County, Texas.

Plaintiff, Kobra Ghorbani, is a citizen of Texas and resides in Galveston County, Texas.

Defendant, City of Friendswood, is an incorporated municipality and a political subdivision of the State of Texas and may be served with summons through its City Attorney, at 910 S. Friendswood Drive, Friendswood, TX 77546

Defendant, Kulhanek, M.A., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Milling, B., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Carter, S.D., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Mata, R., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Eaton, M.R., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Dement, J., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Lobo, J.A., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Muir, S.A., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Kramer, T.L, is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Weigle, Z.J., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546

Defendant, Rejack, K.J., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Mansfield, B.D, is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Bender, N., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Holmes, B.., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Simmons, S.T., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, O'Barr, B.A., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Price, J.E., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Yodzis, B.C., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Caballero, A.R., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Wilkerson, D.W., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Ruthstrom, J.R, is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Cordero, M., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Rogers, C.J., is an individual residing in either Harris or Galveston County, Texas and is employed as a police officer by Defendant, City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

Defendant, Bob Weiners, is an individual residing in either Harris County or Galveston County, Texas and is employed as the chief of police of the City of Friendswood. He may be served with summons at his regular place of employment at City of Friendswood Police Department, 1600 Whitaker Dr. Friendswood, TX 77546.

### III. JURISDICTION AND VENUE

This action seeks damages under 42 U.S.C. §§ 1981 & 1983. This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. It has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

Venue properly lies within this District under 28 U.S.C. § 1391(b). The named defendants perform their official duties in this District, and the events and omissions giving rise to plaintiffs' claims occurred in this District. Intra-district venue is proper in the Southern District of Texas, Galveston Division, pursuant to 28 U.S. Code § 1391(b) and (c), because all Defendants are domiciled in Galveston County, Texas.

In doing the acts alleged herein, Defendants, acted within the course and scope of their employment as police officers or as the Chief of Police of the City of Friendswood Police Department, as the case may be.

In doing the acts and/or omissions alleged herein, Defendants, acted under color of state authority and/or under color of state law.

In doing the acts and/or omissions alleged herein, Defendants acted as the agent, servant, employee and/or in concert with each of said other Defendants.

### GENERAL ALLEGATIONS
### FIRST CLAIM

**False Arrest**

**(Fourth, Fifth & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

The First Claim is asserted by Plaintiff against all Defendants. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs to the extent relevant, as if fully set forth herein.

Defendants, while acting under color of state law and under its apparent authority,

deprived the Plaintiffs of the rights, privileges, and immunities granted to them as citizens and/or legal residents of the United States by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

Plaintiffs, or each of them, were engaging in lawful and constitutional-protected activities, such as operating their legal and fully permitted business, when Defendants, acting or purporting to act in the performance of their official duties as police officers of the City of Friendswood, caused Plaintiffs to suffer the herein alleged injuries and damages.

On each of the three separate occasions in question, the Defendants' adverse actions were substantially motivated by a desire to retaliate against Plaintiffs' exercise of constitutionally-protected and lawful conduct, namely, to continue to operate their lawful business while the Defendants apparently felt they should be "locked down."

Defendants' retaliation was motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights secured by the United States Constitution, and/or was wantonly or oppressively done.

As a direct and proximate result of Defendants' actions, Plaintiffs suffered injuries entitling them to recover compensatory and punitive damages from the individual defendants for which Plaintiffs hereby pray..

## SECOND CLAIM

### Policies, Customs, or Practices

**(First & Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

The Second Claim is asserted by each Plaintiff against all Defendants.

Plaintiffs reallege and incorporate the allegations of the proceeding paragraphs to the

10

extent relevant, as if fully set forth in this Claim.

The Defendants' actions were performed under color of Texas state law.

The Defendants' actions were reckless and callously indifferent to the Plaintiffs' federally protected rights.

The use of force against Plaintiff Rahdar was the result of the policy, practice and custom of the City of Friendswood to inadequately supervise and discipline law enforcement officers who use excessive force or who arrest alleged suspects without probable cause.

The inadequate supervision and discipline of police officers by the City of Friendswood has led to the illegal use of excessive force.

The policy, practice and custom of the City of Friendswood is that when police officers use excessive force, other officers do not intervene to prevent such use of the illegal force, do not arrest the officer engaging in the illegal activity, and do not report the illegal activity.

The policy, practice and custom of the City of Friendswood with respect to allegations of excessive force reported by citizens, is to conduct a minimal investigation designed to exonerate the officer involved rather than to discover the true facts of the incident.

As a result of this code of silence adhered to by Friendswood police officers and the inadequate investigation of allegations of the use of excessive force, police officers reasonably concluded that their use of excessive force will not result in discipline, termination, or criminal prosecution against them.

The above policies and practices have resulted in a culture of violence and abuse of official power in which the use of excessive force and/or the abuse of power is an accepted and customary part of police work in Friendswood.

The policy, practice and custom of the City of Friendswood to allow police officers to engage in excessive force or abuse of power has a long history. For example, in 2021, the

11

Galveston County District Attorney's Office investigated a series of 235 DWI arrests made by Friendswood Police Officer S.D. Carter, (Defendant Carter) which caused the District Attorney's Office to dismiss 30 of her 235 DWI cases because the officer pulled motorists over without probable cause.

## THIRD CLAIM

### Unequal Protection of the Law

The Third Claim is asserted by Plaintiffs against all Defendants. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs.

Defendants, acting under the color of state law, have subjected Plaintiffs to unequal protection of the law in violation of Plaintiffs' constitutional rights. The unequal treatment to which Plaintiffs were subjected includes the denial of the exercise of Plaintiff's right to be free from false arrests, injuries to their physical bodies, official harassment, retaliation, abuse of power, and malicious prosecution for crimes that the Plaintiffs did not commit.

## ATTORNEY'S FEES

The Plaintiffs pray that the Couret award them their reasonable and necessary attorney's fees pursuant to 42 U.S.C., Section 1988(b).

## DAMAGES

As a direct and proximate result of Defendants' actions, Plaintiffs have sustained the following damages:

   a. Past personal injuries;

   b. Past and future pain and suffering;

   c. Past and future medical expenses;

   d. Past and future mental anguish;

    e. Loss of business income;

    f. Legal expenses;

    g. Deprivation of liberty, and

    h. Deprivation of property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek Judgment as follows:

1. For compensatory, general, and special damages for Plaintiffs as plead for herein.

2. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, and any other statute or law as may be applicable; and

3. For an award of any other further relief, as the Court deem fair, just, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury.

Dated:  August 2, 2022.

Respectfully submitted,

**WOODFILL LAW FIRM, P.C.**

***/s/ Jared R. Woodfill***
Jared R. Woodfill
Texas Bar Number 00788715
***/s/ Kyle A. Pinkerton***
Kyle A. Pinkerton
Texas Bar Number 16016725
Email: woodfillservice@gmail.com (service only)
Email: jwoodfill@woodfilllaw.com (non-service only)
3 Riverway, Suite 750
Houston, Texas 77056
(713) 751-3080 Telephone
(713) 751-3058 Facsimile
***Attorneys for Plaintiffs***