Case 3:22-cv-00280   Document 46   Filed on 05/17/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FRED RAHDAR, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | No. 3:22-CV-280 |
| CITY OF FRIENDSWOOD, *et al.*, | § § § | |
| Defendants. | § | |

# ORDER

Before the court are several Rule 12(b)(6) motions to dismiss (Dkts. 7, 17, 20, 39) filed by various defendants. The court also considers the plaintiffs' motions for leave to file an amended complaint, Dkts. 24, 26, and the defendants' motion to strike the amended complaint, Dkt. 35.

## I. Chief Wieners' Motion to Dismiss (Dkt. 7)

The court first considers a motion to dismiss from Friendswood police Chief Robert Wieners, to which the plaintiffs did not respond. Dkt. 7. To survive a motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged

conduct. *Id.* In reviewing the pleadings, a court "accept[s] all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)). But the court does not accept "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Although their allegations are vague, the plaintiffs have sued Chief Wieners in his individual and official capacities. Dkt. 1 at 1. They assert general violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983. *Id.* After complying with Gal. Div. R. Prac. 6, Chief Wieners now moves to dismiss these claims under Fed. R. Civ. P. 12(b)(6). Dkt. 7.

Section 1983 provides a private right of action for the deprivation of certain rights, privileges, and immunities. 42 U.S.C. § 1983. To sue under § 1983, a plaintiff must (1) allege that the defendant violated "a right secured by the Constitution and laws of the United States" and (2) must show that "a person acting under color of state law" committed the violation. *Petersen v. Johnson*, 57 F.4th 225, 231 (5th Cir. 2023) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

A claim under § 1983 may be brought against government employees in their individual or official capacities. *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997)). Still, personal involvement is an "essential element" to a § 1983 claim. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). To establish personal involvement, a plaintiff must show that the defendant "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the [defendant] and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981).

In his motion to dismiss, Chief Wieners argues that the plaintiffs have failed to plausibly allege his personal involvement in this case. Dkt. 7 at 11. The court agrees. The plaintiffs merely allege that an August 2020 article in the "Friendswood Journal/Friendswood News" quoted him as saying that the plaintiffs' business, Friends Pub, was linked to "about a third of the department's DWI arrests made in July [2020]." Dkt. 1 at 3. By itself, this statement falls well short of demonstrating that Chief Wieners was personally or causally connected to the plaintiffs' alleged deprivation of constitutional rights. Accordingly, the court dismisses the plaintiffs' claims against Chief Wieners. Dkt. 7.

## II.   Other Motions to Dismiss (Dkts. 17, 20, 39)

The remaining defendants have filed Rule 12(b)(6) motions without first complying with Gal. Div. R. Prac. 6—"Special Requirement for Motions to Dismiss under Rule 12(b)." The letter attached to Chief Wieners's motion to dismiss, Dkt. 7-1, does not address any of the deficiencies alleged by the other defendants in their motions to dismiss. Accordingly, the court now *sua sponte* grants the plaintiffs leave to file an amended complaint.

By **June 7, 2023**, the plaintiffs must either (i) file an amended complaint or (ii) notify the court by letter that they will rely on the complaint that is the subject of the motions to dismiss.

If the plaintiffs elect to file an amended complaint, the defendants may then either (i) file an answer to the amended complaint, or (ii) file an amended motion to dismiss the amended complaint. The defendants must limit their amended motion to dismiss to one filing addressing all their challenges to the plaintiffs' amended complaint. If necessary, the defendants may seek leave for additional pages.

If by June 7 the plaintiffs have neither amended their complaint nor notified the court that they intend not to amend, they will be deemed to have chosen not to amend and rely on their previously filed responses. The motions will proceed in regular course and the plaintiffs shall not be allowed

to amend until the court has both disposed of the motions to dismiss and—either *sua sponte* or on motion of the plaintiff—granted leave to amend.

The court denies as moot the plaintiffs' remaining motions for leave, Dkts. 24, 26, and the defendants' motion to strike, Dkt. 35.

Signed on Galveston Island this 17th day of May, 2023.

 _____
 JEFFREY VINCENT BROWN
 UNITED STATES DISTRICT JUDGE