IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RAHDAR, FRED AND KOBRA | § | |
| GHORBANI, | § | Civil Action No. 3:22-CV-00280 |
| *Plaintiffs*, | § | |
| v. | § | |
| | § | |
| CITY OF FRIENDSWOOD ET AL, | § | |
| *Defendant.* | § | |

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Because the evidence establishes there is no genuinely disputed material fact that precludes summary judgment in favor of Defendant Sergeant Michael Cordero,[1] or Defendants Lieutenant James Price, Officer Matthew Kulhanek, Sergeant Brock O'Barr, Officer Barry Yodzis, Officer Austin Caballero, Officer James Ruthstrom, and Sergeant Daniel Wilkerson, Sergeant Cordero and the other Defendants move the Court, under FED. R. CIV. P. 56, to dismiss the lawsuit and enter final judgment in defendants' favor.

CERTIFICATE OF CONFERENCE

1. The parties' counsel conferred by email correspondences on August 19, 2024, and August 26, 2024, and by phone on August 26, 2024. Plaintiffs' counsel's

---

[1] Defendants interpret the Court's prior Order, Dkt. 62, granting in part Defendants' motion to dismiss as leaving Sergeant Michael Cordero as the sole remaining Defendant in the case. Plaintiffs interpret Dkt. 62 differently and claim that other officers also remain Defendants, so in an abundance of caution, those Defendants herein alternatively move for final summary judgment in their favor to the extent the Court has not previously dismissed all claims against them.

stated position is that Plaintiffs need additional time to state the extent to which Plaintiffs oppose the relief sought in Defendants' motion.

TABLE OF CONTENTS

Certificate of Conference ............................................................ i

Table of Contents ..................................................................... iii

Table of Authorities ................................................................... v

Table of Exhibits ......................................................................ix

Nature and Stage of the Proceeding......................................... 1

Issues Before the Court ............................................................ 2

Summary of the Argument........................................................ 3

Summary of the Evidence ......................................................... 4

Argument & Authorities .......................................................... 6

I.    Standard of Review ........................................................... 6

      A.   Summary Judgment Standard........................................7

      B.   Qualified Immunity Standard.......................................8

II.   As recordings corroborate, Sergeant Cordero personally observed
      probable cause to arrest Rahdar. ..................................... 8

III.  No evidence supports Rahdar's claim of retaliation. ...................10

IV.   Qualified Immunity bars Plaintiffs' claims........................................12

      A.   Arguable probable cause existed because a reasonable officer could
           have found probable cause. ...................................................12

      B.   Rahdar's arrest did not violate clearly established law.............................12

V.    Ghorbani was not denied any clearly established federal right. .....................13

VI.   The Court Must Individually Assess the Lawfulness of Each Officer's
      Conduct Separately. ...........................................................14

      A.   Lieutenant Price reasonably relied on information Sergeant Cordero
           conveyed to temporarily detain Rahdar by placing handcuffs on his
           wrists...............................................................................14

B.  Officer Yodzis transported Rahdar from the site of his arrest to the police station. ............................................................................... 15

C.  Sergeant O'Barr did not arrest Rahdar. ......................................................... 15

D.  Trainee Officer Kulhanek reasonably relied on information Sergeant Cordero conveyed through a written report to input a portion of computer entries at the police station. ......................................................... 15

E.  Field Training Officer Ruthstrom monitored Officer Kulhanek inputting computer entries at the police station. ....................................... 16

F.  Sergeant Wilkerson spoke briefly to Rahdar at the police station but Sergeant Wilkerson had no involvement in Rahdar's arrest. .................... 16

G.  Officer Caballero was not on duty and had no involvement whatsoever in Rahdar's arrest. ..................................................................................... 17

Conclusion and Prayer ................................................................................... 17

Certificate of Service .................................................................................... 18

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ...................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................14

*Atteberry v. Nocona Gen. Hosp.*,
   430 F.3d 245 (5th Cir. 2005) .....................................................................7

*Barker v. Halliburton*,
   645 F.3d 297 (5th Cir. 2011)......................................................................13

*Boyd v. Farrin*,
   575 Fed. Appx. 517 (5th Cir. 2014).............................................................13

*Brosseau v. Haugen*,
   543 U.S. 194 (2004) (*per curiam*) .............................................................10

*Carnaby v. City of Houston*,
   636 F.3d 183 (5th Cir. 2011).......................................................................6

*Carroll v. Ellington*,
   800 F.3d 154 (5th Cir. 2015) ......................................................................14

*Club Retro LLC v. Hilton*,
   568 F.3d 181 (5th Cir. 2009) .................................................................. 8, 9

*Coleman v. Houston Indep. Sch. Dist.*,
   113 F.3d 528 (5th Cir. 1997) ......................................................................7

*Coon v. Ledbetter*,
   780 F.2d 1158 (5th Cir. 1986).....................................................................14

*Davis v. Hodgkiss*,
   11 F.4th 329 (5th Cir. 2021).......................................................................7

*District of Columbia v. Wesby*,
   583 U.S. 48 (2018) ....................................................................................8

v

*Eversley v. Mbank,*
    843 F.2d 172 (5th Cir. 1988) .............................................................................7

*Gonzalez v. Trevino,*
    144 S. Ct. 1663 (2024) ....................................................................................10

*Hall v. Trochessett,*
    No. 3:22-cv-363, 2023 U.S. Dist. LEXIS 105644 (S.D. Tex. 2023) ............... 8, 9

*Hartman v. Moore,*
    547 U. S. 250 (2006) ...................................................................................... 11

*Joseph v. Bartlett,*
    981 F.3d 319 (5th Cir. 2020) ......................................................................... 14

*Kisela v. Hughes,*
    584 U.S. 100 (2018) .......................................................................................10

*Kitchen v. Dallas County,*
    759 F.3d 468 (5th Cir. 2014) ......................................................................... 14

*Loera v. State,*
    14 S.W.3d 464 (Tex. App.—Dallas 2000, no pet.)..........................................9

*Martinez v. Maverick County,*
    507 Fed. Appx. 446 (5th Cir. 2013)................................................................ 13

*Meadours v. Ermel,*
    483 F.3d 417 (5th Cir. 2007)........................................................................ 14

*Mesa v. Prejean,*
    543 F.3d 264 (5th Cir. 2008) .........................................................................10

*Morrow v. Meachum,*
    917 F.3d 870 (5th Cir. 2019) ......................................................................... 13

*Mullenix* v. *Luna,*
    577 U. S. (2015).............................................................................................. 8

*Nieves v. Bartlett,*
    587 U.S. 391 (2019) ...................................................................................... 11

*Pearson v. Callahan,*
    555 U.S. 223 (2009) ...................................................................................... 12

*Pfannstiel v. City of Marion,*
    918 F.2d 1178 (5th Cir. 1990) ................................................................ 12

*Price v. Roark,*
    256 F.3d 364 (5th Cir. 2001) .................................................................. 9

*Renfroe v. Parker,*
    974 F.3d 594 (5th Cir. 2020) .................................................................. 7

*Saldana v. Garza,*
    684 F.2d 1159 (5th Cir. 1982) ................................................................ 13

*Scott v. Harris,*
    550 U.S. 372 (2007) ............................................................................... 6

*Smith v. Harris County,*
    956 F.3d 311 (5th Cir. 2020) .................................................................. 8

*Solis v. Serrett,*
    31 F.4th 975 (5th Cir. 2022) ................................................................. 14

*Tarver v. City of Edna,*
    410 F.3d 745 (5th Cir. 2005) ................................................................. 12

*Taylor v. Riojas,*
    592 U.S. 7 (2020) ................................................................................. 14

*Vincent v. City of Sulphur,*
    805 F.3d 543 (5th Cir. 2015) ................................................................. 13

*Wallace v. Taylor*
    2023 U.S. App. LEXIS 9014, 2013 WL 2964418 (5th Cir. 2023) .................... 14

*Wilson v. City of Bastrop,*
    26 F.4th 709 (5th 2022) ....................................................................... 14

**Statutes**

Texas Penal Code § 1.07 (a)(40) .................................................................. 9

Texas Penal Code § 38.15 ........................................................................... 11

Texas Penal Code § 42.03 ........................................................................... 6

Texas Penal Code § 42.03(a) ..................................................................... 4, 9

**Other Authorities**

First Amendment ........................................................................ 3, 10, 11, 14

Fourth Amendment .................................................................... 2, 3, 14

FED. R. CIV. P. 12(b)(6) .............................................................. 1

FED. R. CIV. P. 56(a) .................................................................. 7

TABLE OF EXHIBITS

Exhibit 1 – Verification of summary judgment evidence

Exhibit 2 – Security Camera Video A02_20210205130241.mp4

Exhibit 3 – City of Friendswood, Deposition Testimony Excerpts with
        supplementation and corrections thereto

Exhibit 4 – Declaration of Chief Josh Rogers

Exhibit 5 – Declaration of Sergeant Brock O'Barr

Exhibit 6 – Declaration of Sergeant Daniel Wilkerson

Exbibit 7 – Declaration of Officer James Ruthstrom

Exhibit 8 – Declaration of expert Captain Albert Rodriguez

Exhibit 9 – Plaintiff Rahdar Deposition Testimony Excerpts

Exhibit 10 – Sergeant Cordero Deposition Testimony Excerpts

Exhibit 11 – Lieutenant Price Deposition Testimony Excerpts

Exhibit 12 – Officer Yodzis Deposition Testimony Excerpts

Exhibit 13 – Officer Kulhanek Deposition Testimony Excerpts

Exhibit 14 -  Chief Rogers Deposition Testimony Excerpts

Exhibit 15 – Sergeant O'Barr Deposition Testimony Excerpts

Exhibit 16 – Sergeant Wilkerson Deposition Testimony Excerpts

Exhibit 17 – Detective Crouch Deposition Testimony Excerpts

Exhibit 18 – Officer Ruthstrom Deposition Testimony Excerpts

Exhibit 19 – Declaration of Officer Austin Caballero

Exhibit 20 – Criminal Complaint MD-407042 – obstructing passageway

Exhibit 21 – Criminal Complaint MD- 407043- unlawful restraint

Exhibit 22 – Sergeant Cordero cell phone video

Exhibit 23 – Police Department Body Worn Camera Policy

Exhibit 24 – Counsel correspondences conferring regarding pre-motion dismissal of frivolous claims

Exhibit 25 – Counsel correspondence further conferring regarding pre-motion dismissal of frivolous claims and discovery issues

Exhibit 26 – Plaintiff's responses to Requests for Admissions[2]

Exhibit 27 – Plaintiff's video FR000115

Exhibit 28 – Plaintiff's video FR000116

Exhibit 29 – Declaration of Sergeant Michael Cordero

Exhibit 30 – Declaration of Lieutenant James Price

Exhibit 31 – Declaration of Officer Matheau Kulhanek

Exhibit 32 – Declaration of Detective Kevin Crouch

Exhibit 33 – Declaration of Officer Barry Yodzis

Exhibit 34 – Plaintiff's video FR000114

Exhibit 35 – Kobra Ghorbani's Deposition Testimony Excerpts

---

[2]     Defendants also include Plaintiffs' denials of requests for admissions to support reimbursement of Defendants' costs for disproving Plaintiffs' contentions that have no merit.

NATURE AND STAGE OF THE PROCEEDING

2.     Plaintiffs filed suit on August 2, 2022, asserting claims against the City of Friendswood and 24 Friendswood employees. [Dkt. 1]. The Court dismissed the claims asserted against Chief Robert Wieners [Dkt. 46], after which Plaintiffs filed an amended complaint [Dkt. 54] and the remaining Defendants who had been served with process moved to dismiss the suit for failure to state a claim. [Dkt. 55][3]

3.     The Court granted remaining Defendants' motion to dismiss as to all claims except alleged arrest without probable cause and a retaliatory arrest of Plaintiff Fred Rahdar based on the events of February 5, 2021. [Dkt. 62].

4.     Plaintiff Kobra Ghorbani has not alleged facts which plausibly show she was arrested or subjected to any other deprivation of her rights during the events that occurred on February 5, 2021. (Ex. 35, p. 7, ll. 1-24). Because the Court dismissed, under FED. R. CIV. P. 12(b)(6), all claims other than arrest claims relating to the of February 5, 2021, events, the Court has already dismissed Ghorbani's claims. [Dkt. 62].

5.     The Court did not specify in its motion to dismiss order that a claim against Officer Matthew Kulhanek, Sergeant Brock O'Barr, Officer Barry Yodzis, Officer

---

[3]     Plaintiffs never served process on current Friendswood Chief of Police Josh Rogers, who was an assistant police chief at the time of the occurrence which forms the basis of the suit, that Plaintiffs sued as C. J. Rogers. Chief Rogers has not appeared as a defendant in the litigation, the deadline for Plaintiffs to serve Chief Rogers is long past and Plaintiffs do not even allege that Chief Rogers violated a Plaintiff's rights.  (Ex. 4, ¶ 6).

Austin Caballero, Sergeant Daniel Wilkerson, or Officer James Ruthstrom survived the Court's dismissal order.

6.     The Court has expressly dismissed all claims based on a bystander theory of recovery. [Dkt. 62, p. 25-29].

7.     Defendants interpret the Court's Order, in Dkt. 62, as dismissing all claims asserted against Officer Kulhanek, Sergeant O'Barr, Officer Yodzis, Officer Caballero, Sergeant Wilkerson, and Officer Ruthstrom.

8.     Plaintiffs contend, otherwise, that the Order in Dkt 62 permits Plaintiffs to prosecute claims against Officer Kulhanek, Sergeant O'Barr, Officer Yodzis, Officer Caballero, Sergeant Wilkerson, and Officer Ruthstrom.

9.     Therefore, subject to the Court's dismissal Order in Dkt. 62, *if* the Court has not previously dismissed all claims against Officer Kulhanek, Sergeant O'Barr, Officer Yodzis, Officer Caballero, Sergeant Wilkerson, and Officer Ruthstrom, those officers herein also move for summary judgment with Sergeant Cordero.

## ISSUES BEFORE THE COURT

10.     If a genuine dispute exists in the material summary judgment evidence about whether Sergeant Cordero, or any other officer who is still a Defendant in the suit, arrested Plaintiff Rahdar without probable cause in violation of the Fourth Amendment?

11.     If Rahdar identified evidence that when arrested he was engaged in constitutionally protected speech, and Rahdar further identified objective evidence

that he was arrested when other similarly situated individuals engaged in the same criminal conduct had not been?

12.     If Rahdar established that, construed under the undisputed material facts, a genuine dispute in the evidence exists regarding whether Sergeant Cordero's conduct, or the conduct of any other officer who is still a Defendant in the suit, violated the First or Fourth Amendment as identified in the two prior issues; the Court must further decide the subsequent legal question of whether Rahdar has established Sergeant Cordero or any other officer who is still a Defendant in the suit violated clearly established law that divests each officer of his presumed qualified immunity.

SUMMARY OF THE ARGUMENT

13.     The evidence, including recordings, prove probable cause for Rahdar's arrest based on his conduct on February 5, 2021. No evidence supports Rahdar's contention Sergeant Cordero arrested Rahdar based on his exercise of activity protected under the First Amendment, that others who engaged in the actions Radar committed were not arrested, or that the decision to arrest Rahdar was based on a retaliatory animus.

14.     Even if the Court finds a question exists regarding the constitutionality of a Defendant's conduct, Plaintiff cannot identify evidence showing that *every* reasonable officer would have known, beyond doubt, that Sergeant Cordero's conduct was unlawful based on "clearly established" federal law.

3

SUMMARY OF THE EVIDENCE

15.     The record, including Plaintiffs' complaint demonstrates Rahdar harbors an antagonistic attitude toward the Friendswood police department. But Rahdar's hostilities do not immunize him from the consequences of his egregious actions in violation of criminal laws when probable cause supports his arrest. The record, including the Court's memorandum opinion [Dkt. 62] shows, with the exception of a question about the sole arrest at issue here, Rahdar has only been arrested based on probable cause. Rahdar's unexplained choice to initiate conflicts with Friendswood police officers, including by engaging in criminal conduct, is the thing that gave rise to the single arrest remaining at issue here. The undisputed evidence, including a video showing Rahdar's blatantly illegal activity, establishes probable cause for Rahdar's arrest based upon the events of February 5, 2021, as his conduct has for all the arrests of which Rahdar complained the Court has already dismissed.

16.     As Rahdar's complaint admits, on February 5, 2021, Rahdar observed Friendswood Police Sergeant Michael Cordero inside his police vehicle parked in a shopping center parking lot. [Dkt. 54, ¶21; Ex. 26, 3, 4]. A recording, Ex. 2, shows the circumstances from Sergeant Cordero's arrival in the lot through Rahdar's arrest for Rahdar's conduct in violation of § 42.03(a), Texas Penal Code, including Rahdar's conduct which demonstrated a reasonable suspicion and probable cause that Rahdar engaged in conduct prohibited by that statute.

17.     The primary video evidence in this case, Ex. 2, shows that Sergeant Cordero pulled his police vehicle into a shopping center parking lot where Sergeant Cordero

sat for several minutes before leaving the police vehicle to visit a business in the shopping center. After Sergeant Cordero left his police vehicle, Rahdar walked past Sergeant Cordero's unoccupied vehicle (Ex. 2 @ 13:48).

18.     A few minutes later, after Sergeant Cordero returned to his parked police vehicle to wait for a haircut at the barber shop, Rahdar walked out to the parking lot three different times, apparently taking pictures of, and eventually audio and video recording, Sergeant Cordero sitting in his police vehicle, after which Rahdar disappears from view of the video. (Ex. 2 @ 13:52, 13:55; 13:56 – 14:00).

19.     Sergeant Cordero left his patrol a second time to return to the barber shop at which point a woman later identified as Jasmine Lowery parked a car directly behind Sergeant Cordero's police vehicle, precluding Sergeant Cordero's ability to back out of Sergeant Cordero's parking space. Mr. Rahdar admitted in deposition testimony that Lowery was one of Rahdar's employees at the time of this incident. (See, Ex. 9, pp. 30-31, ll. 14-24. 3-5; Ex. 10, p. 58-59, ll. 12-25; 1-24; Ex. 35, pp. 8-9, ll. 23-25, 1-3).[4]

20.     After Lowery parked her car behind Sergeant Cordero, and just three minutes after Sergeant Cordero had exited his police vehicle for the second time, Rahdar parked a white pickup truck directly in front of Sergeant Cordero's

---

[4]     Even if Lowery's decision to park behind Sergeant Cordero's police vehicle was not instigated by Rahdar, after anyone parked behind Sergeant Cordero's police vehicle, Rahdar's act of parking his truck in front of and so close to Sergeant Cordero's police vehicle effected the necessary restraint to fulfill the elements of the criminal violation and thus probable cause to arrest Rahdar.

unoccupied police vehicle, so close as to preclude Rahdar from being able to open the driver's side door of Rahdar's truck far enough to even exit Rahdar's own pickup. (Ex. 2 @ 14:04-14:13).

21.    Instead of exiting his truck, Rahdar sat blocking Sergeant Cordero's police vehicle for thirteen to fourteen minutes[5] before and then after Sergeant Cordero returned to find Sergeant Cordero's police vehicle blocked in by Rahdar in the front and Lowery in the back. (Ex. 2 @ 14:13-14:17). Rahdar's deliberate conduct restrained Sergeant Cordero's ability to freely drive off the premises for several minutes resulted in Rahdar blocking Sergeant Cordero's police vehicle from exiting without legal privilege or authority to do so. (Ex. 2 @14:14; Ex. 9, p. 26, ll. 8-14).

22.    Dispositive of the question of probable cause for this arrest is the fact **Rahdar admits he intentionally blocked Sergeant Cordero's police vehicle, thus obstructing Sergeant Cordero's movement** in violation of the plain language of the statute. (Ex. 9, p. 26, ll. 8-13; Ex. 2 @ 14:14 to 14:17). Since Sergeant Cordero arrested Rahdar for the very conduct in which **Rahdar admits engaging** and that violates § 42.03 of the Texas Penal Code, establishes probable cause for Rahdar's arrest.

## ARGUMENT & AUTHORITIES

## I.    Standard of Review

---

[5]    This video evidence belies Rahdar's testimony that he was parked in front of Sergeant Cordero's police vehicle, "just about less than a minute maybe." (Ex. 9, p. 27, ll. 6-9). *See Scott v. Harris*, 550 U.S. 372, 381 (2007); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

## A.    Summary Judgment Standard

23.    Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Factual disputes are material if they "might affect the outcome of the suit under the governing law," and they are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). After a proper motion for summary judgment is made, the non-movant must identify specific evidence showing a genuine issue for trial. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

24.    Thus, to avoid summary judgment, Plaintiff must identify "significant probative evidence" which demonstrates a genuinely disputed material fact that presents a triable issue. *See Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). As to materiality, the substantive law will identify which facts are material. *Anderson*, 477 U.S. at 248.

25.    Here, the constitutional and immunity standards identify the requisite material evidence, and only disputes over those material facts can preclude summary judgment. *see Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). The Court must credit all undisputed material facts supporting summary judgment. *Eversley v. Mbank*, 843 F.2d 172, 173-74 (5th Cir. 1988). Moreover, "the ultimate determination of probable cause is a question of law. *Davis v. Hodgkiss*, 11 F.4th 329, 334 (5th Cir. 2021) (cleaned up).

### B. Qualified Immunity Standard

26.    Qualified immunity attaches when an official's conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'" and qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix* v. *Luna*, 577 U. S., 7, 11-12 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986); accord *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003); *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018); *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citations omitted). "When a defendant moves for summary judgment and identifies a lack of evidence to support the plaintiff's claim on an issue for which the plaintiff bears the burden of proof, the defendant is entitled to summary judgment." *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020) (cleaned up).

### II. As recordings corroborate, Sergeant Cordero personally observed probable cause to arrest Rahdar.

27.    "Probable cause 'is not a high bar.'" *Wesby*, 583 U.S. at 57 (citation omitted). Accord, *Hall v. Trochessett*, No. 3:22-cv-363, 2023 U.S. Dist. LEXIS 105644, at *7 (S.D. Tex. 2023) As this Court held in *Hall, supra,* probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* (quoting, *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)). The requisite "probability is more than a bare suspicion but need not reach the fifty

8

percent mark." *Id.* (quoting, *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)).

28.     Because "[p]robable cause is determined based on the validity of the arrest, not the validity of each individual charge made during the course of the arrest," *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001), probable cause to arrest Rahdar for committing *any offense* bars all claims based on the propriety of the arrests. *Club Retro*, 568 F.3d at 204.

29.     The recorded evidence, Ex. 2 alone, but certainly in combination with the testimony from Sergeant Cordero, Rahdar, and police training expert Captain Albert Rodriguez establishes a reasonable officer could view Rahdar's conduct as "[o]bstructing [a] [h]ighway or [o]ther [p]assageway" in violation of § 42.03(a), Texas Penal Code. (See, Ex. 2 @ 13:57 to 14:14; Ex. 22; Ex. 9, p. 43, ll. 8-25; Ex. 26, 3, 4; and Ex. 27, @ 00:19; Ex. 8; Ex. 29 ¶¶ 4-13).

30.     The parking lot is statutorily defined as a "public place" for criminal purposes, § 1.07 (a)(40) Texas Penal Code[6] and Texas police officers receive official training on statutory definitions including that of a public "public place" also determined in (citations omitted). (Ex. 26, 3, 4; Ex. 8, ¶ 55). As Captain Rodriguez's testimony establishes, "[a]ny well-trained law enforcement officer could have believed that probable cause existed to arrest Rahdar for Obstructing Highway or Other Passageway and/or Unlawful Restraint [and the fact of] Galveston County Assistant Criminal District Attorney Michael Rinehart accepting the upgraded

---

[6] See also, *Loera v. State*, 14 S.W.3d 464 (Tex. App.—Dallas 2000, no pet.).

charge clearly shows that probable cause existed to arrest and initiate prosecution of Rahdar." (Ex. 8, ¶ 59; Ex. 20; Ex. 21).

31.     Therefore, as recordings corroborate, Sergeant Cordero personally observed probable cause to arrest Rahdar.

## III.   No evidence supports Rahdar's claim of retaliation.

32.     First, absent objective evidence that does not exist in this case,[7] "[i]f [probable cause] exists, any argument that the arrestee's speech as opposed to [his] criminal conduct was the motivation for [his] arrest must fail, no matter how clearly that speech may be protected by the First Amendment." *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008). Even in the instance of a lack of probable cause, a plaintiff must prove more to avoid summary judgment on a claim of an arrest allegedly motivated by First Amendment protected activity. To prevail on a First Amendment retaliatory claim, "a plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury." "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury.  Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory

---

[7]     The Supreme Court decided *Gonzalez v. Trevino*, 144 S. Ct. 1663 (2024), after Sergeant Cordero arrested Rahdar, so *Gonzalez* was not clearly established federal law at the time of Rahdar's arrest. Opinions that postdate Sergeant Cordero's conduct "could not have given fair notice to [Sergeant Cordero] and are of no use in the clearly established inquiry.'" *Brosseau v. Haugen*, 543 U.S. 194, 200 n.4 (2004) (*per curiam*); accord *Kisela v. Hughes*, 584 U.S. 100, 107 (2018).

motive." *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019). As the Supreme Court has made clear, although, "it may be dishonorable to act with an unconstitutional motive," an official's "action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway." *Hartman v. Moore*, 547 U. S., 250, 259 (2006).

33.     Defendant raises no dispute regarding Plaintiff's right under the First Amendment to video record police officers within the prescribed statutory limits of Texas Penal Code § 38.15.  Rahdar's own videos, Ex. 34 @ 00:12 and Ex. 28 @ 00:56-01:08 reveal Rahdar knew full well who Rahdar was blocking when he blocked Sergeant Cordero's police vehicle for over ten minutes as Rahdar simply sat inside his truck. Rahdar can be heard on Rahdar's own video asking Sergeant Cordero "Are you officer Cordova?"

34.     It was Rahdar's independent act of intentionally stopping his truck directly in front of a vehicle he had determined was a police vehicle operated by a police officer, clearly rendering passage impossible, Ex. 2 @ 14:04 and Ex. 34 @ 00:12, not Rahdar's act of videotaping that led to his arrest. Put another way, no evidence shows that, had Rahdar not used his truck to block Sergeant Cordero's police vehicle, Rahdar would have been arrested anyway. This is fatal to Rahdar's First Amendment claim.[8] Indeed, the undisputed evidence shows Sergeant Cordero was

---

[8]     Equally unavailing is Rahdar's conclusory pleading assertion that an arrest for conduct such as Rahdar's is unusual. As Captain Rodriguez explains, a reasonable officer of thirty-two years in Texas law enforcement would, "be surprised to learn that many arrests are made on such facts **because Rahdar's**

at this location for personal reasons – a haircut - and certainly not for law enforcement purposes until Sergeant Cordero was subjected to Plaintiff's criminal conduct of obstruction and restraint. (Ex. 10, p. 26, ll. 9-2).

## IV. Qualified Immunity bars Plaintiffs' claims.

### A. Arguable probable cause existed because a reasonable officer could have found probable cause.

35.     "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Accordingly, to avoid judgment on the first prong of immunity, Rahdar must show no reasonable officer could have believed probable cause existed because, "a police officer who reasonably but mistakenly concludes that he has probable cause to arrest a suspect is entitled to qualified immunity." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) "If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." *Pfannstiel v. City of Marion,* 918 F.2d 1178, 1183 (5th Cir. 1990).

### B. Rahdar's arrest did not violate clearly established law.

36.     "Unless a § 1983 plaintiff can [**also**] establish that the defendant official has violated clearly settled law, his damage action must be dismissed. "

---

**actions are so rare**." (emphasis added). As Captain Rodriguez explained further, one would likewise "be surprised to discover that another person who acted as Rahdar did was not arrested."  (Ex. 8, ¶ 56). That Rahdar did something so rare and unusual – but illegal all the same - does not call Rahdar's arrest into question.

*Saldana v. Garza*, 684 F.2d 1159, 1164 (5th Cir. 1982). The "court must 'ask whether the law so clearly and unambiguously prohibited [Sergeant Cordero's] conduct that every reasonable [police officer] would understand that what he is doing violates [the law].'" *Vincent v. City of Sulphur,* 805 F.3d 543, 547 (5th Cir. 2015). "The second question—whether the officer violated clearly established law—is a doozy. The § 1983 plaintiff bears the burden of proof. And the burden is heavy: A right is clearly established only if relevant precedent 'has placed the . . . constitutional question beyond debate.'" *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019) (alterations and citations omitted). Rahdar has not identified clearly established law Sergeant Cordero violated.

## V.   Ghorbani was not denied any clearly established federal right.

37.    The Court has already dismissed all of Plaintiff Ghorbani's claims. And additionally, the summary judgment record proves Defendants are entitled to judgment in their favor based on any claim by Ghorbani that the Court has not previously dismissed, if any. (Ex. 26, 7, 8). "A third party may not assert a civil rights claim based on the civil rights violations of another individual." *Barker v. Halliburton*, 645 F.3d 297, 300 (5th Cir. 2011). A relative of an individual whose federal rights were allegedly violated lacks authority to prosecute a claim based on the deprivation of a family member's rights. *See Boyd v. Farrin*, 575 Fed. Appx. 517, 520 (5th Cir. 2014); *Martinez v. Maverick County*, 507 Fed. Appx. 446, 448 n.1 (5th Cir. 2013). Smith, "like all persons who claim a deprivation of constitutional rights, were required to prove some violation of **their personal**

13

**rights**." *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986) (emphasis added). Ghorbani was not denied any federal right, and certainly not any clearly established right.

## VI.  The Court Must Individually Assess the Lawfulness of Each Officer's Conduct Separately.

38.    As to the underlying claims under the First and Fourth Amendments and qualified immunity, the Court must individually assess the lawfulness of each Officer's conduct separately. To support a claim against an officer, Plaintiffs must demonstrate that each individual officer, through the officer's own actions, violated the Constitution or the laws of the United States. Compare, *Taylor v. Riojas*, 592 U.S.  7, 9 (2020) (an officer-by-officer analysis will be required); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Wallace v. Taylor*, 2023 U.S. App. LEXIS 9014 *7, 2013 WL 2964418 (5th Cir. 2023) (appellate court may remand or perform the separate analysis); *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022); *Wilson v. City of Bastrop*, 26 F.4th 709, 713 (5th 2022); *Joseph v. Bartlett*, 981 F.3d 319, 325 (5th Cir. 2020); *Carroll v. Ellington*, 800 F.3d 154, 174 (5th Cir. 2015); *Kitchen v. Dallas County*, 759 F.3d 468, 78-79 (5th Cir. 2014); *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007).

### A.  Lieutenant Price reasonably relied on information Sergeant Cordero conveyed to temporarily detain Rahdar by placing handcuffs on his wrists.

39.    When Lieutenant Price arrived at the parking lot where Rahdar and Sergeant Cordero were located, Lieutenant Price saw Rahdar standing in the parking lot next to a pickup truck and Sergeant Cordero standing outside of his police vehicle.

14

Lieutenant Price reasonably relied on information Sergeant Cordero conveyed to temporarily detain Rahdar by placing handcuffs on his wrists. (Ex. 11, p. 15, ll. 1-4; Ex. 14, ¶¶ 2-5, 7-11; Ex. 30, ¶ 3). Rahdar admitted that, other than placing handcuffs on Rahdar's wrists, Rahdar does not contend did anything that was improper. (Ex. 9, p. 47, ll. 17-20).

### B. Officer Yodzis transported Rahdar from the site of his arrest to the police station.

40.    Officer Yodzis did not place handcuffs on or arrest Rahdar. After Rahdar was handcuffed, a fellow-officer placed Rahdar inside Officer Yodzis' police patrol vehicle. Officer Yodzis transported Rahdar from the site of his arrest to the Friendswood police station, where Officer Yodzis left Rahdar in the custody of other officers. (Ex. 12, pp. 20-21, ll. 22-25, 1-6; Ex. 33 ¶ 5). Rahdar does not claim that anything Officer Yodzis did was improper. (Ex. 9, p. 46, ll. 20-23).

### C. Sergeant O'Barr did not arrest Rahdar.

41.    When Sergeant O'Barr arrived at the parking lot where Rahdar and Sergeant Cordero were located, Sergeant O'Barr saw Rahdar standing by Sergeant Cordero's police vehicle, heard Sergeant Cordero tell Lieutenant Price Rahdar was under arrest, and saw an officer place handcuffs on Rahdar's wrists. Sergeant O'Barr did not arrest Rahdar or make any decision to arrest Rahdar. (Ex. 15, p. 30 ll. 7-13; Ex. 5, ¶¶ 4, 5). Rahdar does not claim that Sergeant O'Barr did anything that was improper. (Ex. 9, p. 46, ll. 15-19).

### D. Trainee Officer Kulhanek reasonably relied on information Sergeant Cordero conveyed through a written report to input a portion of computer entries at the police station.

15

42.    Officer Kulhanek was going through the police officer field training program on February 5, 2021. His training officer directed Officer Kulhanek to assist Sergeant Cordero in inputting reporting information into the police computer at the police station. Sergeant Cordero personally input the details of his interaction with Rahdar. Officer Kulhanek input other information into the computer based upon the information Sergeant Cordero reported into the computer. (Ex. 13, p. 24, ll. 9-14; Ex. 31, ¶ 5). Rahdar does not remember anything Officer Kulhanek did that was improper. (Ex. 9. p. 46, ll. 5-14).

### E.    Field Training Officer Ruthstrom monitor Officer Kulhanek inputting computer entries at the police station.

43.    Officer Ruthstrom did not arrest Rahdar. Officer Ruthstrom monitored trainee-officer Kulhanek assist in inputting portions of information into the police computer. (Ex. 7, ¶ 2; Ex. 18, p. 11-12, ll. 15-25, 1-3).

### F.    Sergeant Wilkerson spoke briefly to Rahdar at the police station but Sergeant Wilkerson had no involvement in Rahdar's arrest.

44.    Sergeant Wilkerson spoke briefly with Rahdar at the police station after his arrest, but Sergeant Wilkerson did not respond to the scene where Sergeant Cordero had the interaction with Rahdar. Sergeant Wilkerson did not participate in or witness the events relevant to probable cause for the arrest, charge, and charge filed against Rahdar. Sergeant Wilkerson had no role in Rahdar's arrest. (Ex. 16, p. 20, ll. 11-13; Ex. 6, ¶ 4). Rahdar does not claim anything Sergeant Wilkerson did regarding the February 5, 2021 event that was improper. (Ex. 9, p. 47, ll. 3-12).

### G. Officer Caballero was not on duty and had no involvement whatsoever in Rahdar's arrest.

45. Officer Caballero was not on duty on February 5, 2021, had no involvement in Rahdar's arrest. (Ex. 19, ¶ 2) Rahdar does not claim that anything Officer Caballero did was improper. (Ex. 9, p. 46, l. 24-47, l. 2).

46. None of these officers violated Rahdar's rights or violated clearly established law. [9]

CONCLUSION AND PRAYER

47. For each of these reasons, Sergeant Cordero, and if any claim remains after the Court's prior dismissal Order against Lieutenant James Price, Officer Matthew Kulhanek, Sergeant Brock O'Barr, Officer Barry Yodzis, Officer Austin Caballero, Officer James Ruthstrom, or Sergeant Daniel Wilkerson, Defendants pray the Court dismiss Plaintiffs' lawsuit, with prejudice, and enter final summary judgment in Defendants' favor.

Respectfully submitted,

*/s/ Norman Ray Giles*
Norman Ray Giles
Attorney-In-Charge
State Bar of Texas No. 09388250
S.D. Texas No. 8791
Norman Ray Giles
State Bar of Texas No. 24014084
S.D. Texas No. 26966
Jimmie L. Holloway, Jr.

---

[9] Plaintiffs aver that officers who arrived at the parking lot after the events which established probable cause had already occurred should have recorded events occurring when they arrived. Ex. 3, p. 15, ll. 13-15; and Ex. 23 III (B)(1) show why more recordings are not available of this time after probable cause supported Rahdar's arrest.

17

State Bar of Texas No. 24114956
S.D. Texas No. 3698847

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record by through and in accordance with the District's ECF service rules on August 26, 2024.

Jared R. Woodfill
jwoodfill@woodfilllaw.com
Raven A Radley- Van Reenen
rradley@woodfilllaw.com
3 Riverway, Suite 750
Houston, Texas 77056

*Attorneys for Plaintiffs*

*/s/ Norman Ray Giles*
Norman Ray Giles