United States District Court
Southern District of Texas
**ENTERED**
November 15, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| FRED RAHDAR, *et al.*, § § Plaintiffs. § § V. § CIVIL ACTION NO. 3:22-cv-00280 § CITY OF FRIENDSWOOD, *et al.*, § § Defendants. § | |

FRED RAHDAR, *et al.*, §
　　　　　　　　　　　　§
　　　Plaintiffs. §
　　　　　　　　　　　　§
V. § CIVIL ACTION NO. 3:22-cv-00280
　　　　　　　　　　　　§
CITY OF FRIENDSWOOD, *et al.*, §
　　　　　　　　　　　　§
　　　Defendants. §

## OPINION AND ORDER

Defendants have filed a Motion for Summary Judgment. *See* Dkt. 70. Before I can turn to that motion, I must decide Plaintiffs' Motion for Continuance Pursuant to F.R.C.P. 56(d). *See* Dkt. 83. Plaintiffs contend that, before I address the merits of Defendants' summary judgment motion, they should be allowed to depose former Friendswood police officer Jesse Beckwith.

Federal Rule of Civil Procedure 56(d) permits "further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quotation omitted). A nonmovant may obtain a continuance of a summary judgment motion "to obtain affidavits or declarations or to take discovery" if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d)(2).

"Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quotation omitted); *see also Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) ("Given the precautionary nature of [Rule 56(d)], these requests ordinarily are treated and reviewed liberally.").

As required by Rule 56(d), Defendants have submitted a declaration from their counsel, Jared Woodfill. In that declaration, Woodfill explains that Beckwith reached out to Plaintiff Fred Rahdar on August 12, 2024. Woodfill then had an approximately hour-long conversation with Beckwith on August 14, 2024. According to Woodfill, Beckwith will testify that the Friendswood Police Department instituted an intentional and concerted campaign to target and harass Plaintiffs due to Plaintiffs' complaints against the police chief and, more generally, the police department.

Two claims remain in this lawsuit: a Fourth Amendment false arrest claim and a First Amendment retaliatory arrest claim, both of which arise from a February 5, 2021 incident where Friendswood police officers arrested Rahdar. I do not see how Beckwith's expected testimony impacts the false arrest claim. The false arrest claim will rise or fall on whether the arresting officers had probable cause to arrest Rahdar on February 5, 2021. *See Anokwuru v. City of Houston*, 990 F.3d 956, 963 (5th Cir. 2021) ("To prevail on a § 1983 false arrest claim, [a plaintiff] must show that the arresting officers did not have probable cause to arrest him." (cleaned up)). Because Beckwith was not at the scene of the arrest on February 5, 2021, he cannot offer relevant testimony as to whether the arresting officers had probable cause to arrest Rahdar on that date.

Turning to the First Amendment retaliatory arrest claim, a finding of "probable cause [will] generally defeat a retaliatory arrest claim." *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019). Probable cause is not, however, required "when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 407. In their summary judgment brief, Defendants argue that Plaintiffs' First Amendment retaliatory arrest claim fails because the arresting officers had probable cause to arrest Rahdar and no evidence indicates that any individual had escaped arrest for engaging in the novel conduct that Rahdar allegedly committed. Defendants also argue that "[n]o evidence supports Rahdar's

2

claim of retaliation." Dkt. 70 at 20. Although I do not believe Beckwith's expected testimony relates to the probable cause issue, it unquestionably relates to the retaliation issue. Defendants have sought summary judgment on the ground that there is no evidence of retaliation even if Plaintiffs establish that (1) there is no probable cause; or (2) there is probable cause, but no others similarly situated are typically arrested for the underlying conduct at issue.

I agree with Defendants that they are entitled to a prompt decision on the qualified immunity issue. *See Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) ("Because qualified immunity is an *immunity from suit*, not merely a defense to liability, . . . a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation." (cleaned up)). I intend to resolve the pending Motion for Summary Judgment as quickly as possible. But I cannot decide a summary judgment motion in which Defendants claim, in part, that there is no evidence of retaliation without allowing Plaintiffs to obtain and present Beckwith's testimony, which is expected to directly address that issue. As an aside, I agree with Defendants' argument that Plaintiffs should have previously disclosed Beckwith as a potential witness in this case. Nonetheless, keeping in mind that Rule 56(d) motions are "broadly favored and should be liberally granted," I think the most prudent course at this juncture is to allow Plaintiffs a reasonable period of time to take Beckwith's deposition and present such testimony as part of the summary judgment record. *Biles*, 714 F.3d at 894 (quotation omitted).

For these reasons, I grant Plaintiffs' request to take Beckwith's deposition before I rule on the Motion for Summary Judgment. The deposition must be completed by January 10, 2025. Plaintiffs may provide an Amended Response to Defendants' Motion for Summary Judgment by January 22, 2025. Defendants may file an Amended Reply in Support of Summary Judgment by January 31, 2025. I will then take the Motion for Summary Judgment under consideration. To the

extent Plaintiffs seek any additional discovery beyond Beckwith's deposition, that request is denied.

SIGNED this 15th day of November 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE